MICHAEL BYRNE v. GEORGE HUME, EXECUTOR, ETC.

*Will—Authority of executor to sell land—Accounting.*

This case involves the question of the liability of defendant, as executor, for certain money received on the sale of land devised to plaintiff by defendant's testator, and it is held that the devise gave the executor no power to sell said land, and that the sale was made under consent of plaintiff, the defendant receiving the amount due the estate therefrom, and beyond this his dealings, if he had any, were personal, and the probate court had no power to compel him to account for them.

Error to Kent. (Montgomery, J.) Argued January 10, 1889. Decided January 18, 1889.

Appeal from order of probate court dismissing petition of devisee. Judgment of circuit court, in favor of petitioner, reversed. The facts are stated in the opinion.

*T. J. O'Brien* and *J. H. Campbell,* for appellant.

*Eggleston & McBride,* for petitioner.

CAMPBELL, J. Plaintiff claims from defendant a balance of proceeds of land which belonged under contract of purchase to Thomas Byrne, deceased, and was devised to plaintiff subject to the advances made, or to be made, by Thomas and his estate. In the year 1882, in May, this land was sold by the mutual consent of Byrne and Hume, by the agency of one Porter, for $11,500. Of this sum $10,500 was paid over in cash or paper to Mr. Hume, the executor, and the rest was retained by Porter. In August, 1882, Michael Byrne found out that the sale had been made for $1,000 more than Hume had accounted to him for, and there was some difference as to whether Porter acted as Hume's or Byrne's agent in the matter. In March, 1883, the executor rendered his account, covering all the money received by him from the sale, and kept or paid to·Bryne, and this account was allowed by the probate court of Kent county, and not appealed from. In April, 1885, two years thereafter, Michael Byrne petitioned the probate court for an order requiring the executor to pay to him the excess of $1,000 and interest, which had never been paid to Hume. The probate court dismissed the petition. Byrne appealed, and in the circuit court a jury was sworn, not to try specific issues, but the whole case; and under the rulings of the circuit judge brought in a general verdict for the whole sum, amounting, with interest, to $1,395.47, and judgment was rendered, and ordered certified to the probate court.

Michael Byrne procured whatever right he possessed under the sixth clause of the will of his brother, Thomas Byrne, which was in these words:

"I give and bequeath to my brother, Michael Byrne, or the town of Grattan, aforesaid, all moneys which may be made out of the following lands and the timber thereon, situate in the county of Roscommon and State of Michigan, viz.: Section twenty-five (25), of township twenty-four (24) north, of range four (4) west, after first paying back to me or my estate all the moneys which I have or I or my estate may hereafter pay for me the purchase price of said lands, and all the advances which I have made, or I or my estate may hereafter make, on account of said lands or timber, together with interest on all such payments and advances from the date thereof at the rate of eight per cent. per annum; and I direct my executor to pay over said profits to the said Michael Byrne as soon after their receipt as can be done. And after all payments and advances which I or my estate have made, or shall be liable to make, together with interest thereon as aforesaid, shall have been fully repaid and satisfied, I then direct my executor to convey to my said brother, Michael Byrne, his heirs and assigns, all my interest in the lands and timber aforesaid, which may remain, by quitclaim deed, if I shall then have title to said lands; otherwise to assign to him all my rights to said lands under a contract dated October 7, 1881, made by and between John N. Dennison and James F. Joy, trustees of the first part, the Jackson, Lansing & Saginaw Railroad Company of the second part, and myself of the third part."

This clause gave the executor no power to sell the land devised, and only contemplated that the land should be held subject to the repayment of the advances and outlays which might be necessary under the contract with the trustees of the railroad company. It was in fact a devise to Michael Byrne subject to the incumbrances so created, and he could transfer his title as he saw fit, but no one else could sell it.

The sale of the land was made under consent of Michael Byrne, whether Porter was his agent or Hume's agent,

and could not be treated as the official act of Hume as executor, because as executor he had no such authority. He was only interested as executor in receiving what was due the estate, and this he did receive. Beyond this his dealings, if he had any, were personal, and the probate court had no jurisdiction to compel him to account for them.

The judge of probate rightly dismissed the petition, and the circuit court should have done so. The executor should not have been put to trial. The method of trial by general, instead of special, issues did not present the issues which should have been raised if jurisdiction existed. There is no dispute as to an understanding on the part of Michael Byrne to allow a compensation of some kind to Porter, and it appeared affirmatively that Hume never received any of this money retained by Porter. There could be no justice in such a judgment as was rendered below. But, as the whole proceeding was improper, it is now not material.

The judgment of the circuit court must be reversed, with costs of both courts, and the order of the probate court affirmed.

The other Justices concurred.